**NOT SCHEDULED FOR ORAL ARGUMENT**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| STATE OF UTAH, <br><br> *Petitioner*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY et al., <br><br> *Respondents*. | Case No. 25-9519 |
| UTAH PETROLEUM ASSOCIATION, <br><br> *Petitioner*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY et al., <br><br> *Respondents*. | Case No. 25-9520 |

**UNOPPOSED MOTION TO HOLD CASES IN ABEYANCE**

Respondent United States Environmental Protection Agency ("EPA" or

"Agency") respectfully moves the Court to hold both above-captioned matters in

abeyance to allow new Agency leadership to assess these matters as well as

Petitioners' administrative petitions for reconsideration that were submitted to the

Agency in tandem with the filing of these actions.

1.      EPA has conferred with the Petitioners the State of Utah (25-9519) and Utah Petroleum Association (25-9520) regarding their positions on this Motion for Abeyance.  They represent their positions as follows:

> Petitioners' consent to abeyance is conditioned on the Court's disposition of the Motions for Stay filed by the State of Utah (25- 9519, [Dkt #8]) and the Utah Petroleum Association (25-9520, [Dkt#12]). Petitioners assert that the Motions for Stay are ripe for decision, EPA having filed a response on March 6, 2025 that does not oppose the relief requested. Case No. 25-9529, Dkt. No. 10; Case No. 25-9520, Dkt. No. 14.  Petitioners represent that they do not oppose EPA's Motion for Abeyance on the condition that the abeyance is not entered until after the Court has an opportunity to rule on the Motions for Stay and, if denied, the time for rehearing or appeal of such denials have run.

2.      Petitioners in both above-captioned cases seek review of an EPA action entitled "Finding of Failure to Attain and Reclassification of an Area in Utah as Serious for the 2015 Ozone National Ambient Air Quality Standards," 89 Fed. Reg. 97545 (Dec. 9, 2024) ("Final Rule").  Case No. 25-9519, Dkt. No. 1-1; Case No. 25-9520, Dkt. No. 1-1.

3.      The Court is considering consolidating the above-captioned cases. Case No. 25-9519, Dkt. No. 7.  It has directed the parties in both actions to submit a joint proposed briefing schedule by March 10, 2025.  *Id*.

4.      Petitioners in both above-captioned cases have moved to stay the Final Rule.  Case No. 25-9519, Dkt. No. 8-1; Case No. 25-9520, Dkt. Nos. 10, 12. As noted in the responses to stay motions filed contemporaneously with this

motion, Respondents do not oppose a stay of the Final Rule during the pendency of these proceedings.  Case No. 25-9519, Dkt. No. 10; Case No. 25-9520, Dkt. No. 14.

5.      In addition to the above-captioned Petitions for Review, Petitioners in both actions have also submitted administrative petitions to EPA for reconsideration of the same Final Rule challenged here.

6.      As the Court is aware, a new administration took office on January 20, 2025.  New EPA leadership is in the process of familiarizing itself with the issues presented in both these cases and Petitioners' administrative petitions for reconsideration.  To complete the reconsideration process in an orderly and deliberate fashion while preserving both this Court's and the parties' resources, EPA requests that the Court abate proceedings in the above-captioned matters.

7.      This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

8.      Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See,*

*e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

9.      Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

10.     No party would be prejudiced by the requested abeyance.  Oral argument has not yet been scheduled in this matter and the briefing deadlines have not yet been set.

11.     For these reasons, the Court should place this matter in abeyance with status reports due at 120-day intervals.

Respectfully submitted,

ADAM R.F. GUSTAFSON
    *Acting Assistant Attorney General*

| | |
|---|---|
| *Of Counsel:* | /s/ *Kimere J. Kimball* |
| Kaytrue Ting | KIMERE J. KIMBALL |
| *Office of General Counsel* | U.S. Department of Justice |
| Michael Boydston | Env't & Natural Resources Div. |
| Stephanie Talbert | P.O. Box 7611 |
| *Office of Regional Counsel for Region 8* | Washington, DC 20044 |
| U.S. Environmental Protection Agency | (202) 514-2285 (Kimball) |
| | Kimere.Kimball@usdoj.gov |

Date:  March 6, 2025

5

**CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 842 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Finally, I certify that on March 6, 2025, I electronically filed this document with the Court's CM/ECF system, which will serve each party's counsel of record.

_/s/ Kimere J. Kimball_____
KIMERE J. KIMBALL