FILED
United States Court of Appeals
Tenth Circuit

April 14, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

STATE OF UTAH, et al.,

    Petitioner,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

    Respondents.

_____

UTAH PETROLEUM ASSOCIATION,

    Petitioner,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

    Respondents.

No. 25-9519
(EPA No. EPA-R08-OAR-2024-0552)
(Environmental Protection Agency)

No. 25-9520
(EPA No. EPA-R08-OAR-2024-0552)
(Environmental Protection Agency)

_____

**ORDER**

_____

Before **McHUGH** and **MORITZ**, Circuit Judges.

_____

Petitioners in these two cases, the State of Utah (the State) and the Utah Petroleum

Association (UPA), seek review of a final rule issued by the Environmental Protection

Agency (EPA) titled "Finding of Failure to Attain and Reclassification of an Area in Utah

as Serious for the 2015 Ozone National Ambient Air Quality Standards" ("Final Rule"),

89 Fed. Reg. 97,545 (Dec. 9, 2024). Petitioners have also filed motions to stay the Final Rule pending appeal.

Prior to filing their petitions for review, Petitioners filed with the EPA petitions for administrative reconsideration and an administrative stay of the Final Rule. On March 6, 2025, after these cases were filed, the EPA issued letters granting the petitions for reconsideration. In the letters, the EPA stated that it intends to undertake notice and comment to reconsider the Final Rule.

This procedural history, in our view, gives rise to two potential jurisdictional defects. First, "Article III of the United States Constitution only extends federal judicial power to cases or controversies." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). To have Article III standing to sue, a plaintiff or petitioner must plead and prove it has suffered an injury in fact, the injury is fairly traceable to the challenged action of the defendant, and it is likely the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, it remains unclear from the records available to the court what, if any, portions of the Final Rule remain in place and, in turn, how those remaining portions of the Final Rule might impact the petitioners pending the EPA's reconsideration process. In other words, there appears to be "a colorable standing issue" that requires us to "undertake an independent examination . . . of that issue." *In re Peeples*, 880 F.3d 1207, 1212 (10th Cir. 2018) (internal quotation marks omitted).

Second, even assuming petitioners continue to have standing, there is a question of whether the petitions for review were premature. "[I]n most circumstances a case is not

2

ripe for judicial review 'where a petition for reconsideration has been filed within a discretionary review period specifically provided by the agency.'" *City of Colo. Springs v. Solis*, 589 F.3d 1121, 1130 (10th Cir. 2009) (quoting *ICC v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 279 (1987)). Further, "a petition seeking review of . . . a non-final [agency] action is not only premature but incurably so," and "subsequent action by the agency on a motion for reconsideration does not ripen the petition for review or secure appellate jurisdiction." *Clifton Power Corp. v. FERC*, 294 F.3d 108, 110 (D.C. Cir. 2002) (internal quotation marks omitted).

To be sure, the Clean Air Act (CAA) appears to deviate to some degree from these general rules because it contains a provision that states, in relevant part, that "[t]he filing of a petition for reconsideration by the Administrator of any otherwise final rule or action shall not affect the finality of such rule or action for purposes of judicial review . . . and shall not postpone the effectiveness of such rule or action." 42 U.S.C. § 7607(b)(1). But the CAA also provides that "the only objections that may immediately be raised upon judicial review are those that were raised during the public comment period" and that "[o]bjections raised for the first time in a petition for reconsideration must await EPA's action on that petition." *Utility Air Regulatory Grp. v. EPA*, 744 F.3d 741, 747 (D.C. Cir. 2014) (construing 42 U.S.C. § 7607(d)(7)(B)); *see Okla. v. EPA*, 723 F.3d 1201, 1214–15 (10th Cir. 2013) (applying § 7607(d)(7)(B)). According to the Petitioners, there was no public comment period before the EPA issued the Final Rule. Presumably, then, the objections presented by petitioners in these cases were raised for the first time in their petitions for administrative reconsideration.

3

Before this court can resolve the motions to stay the Final Rule pending appeal, it must first determine that it has jurisdiction. *See* 10th Cir. R. 8 (requiring motions for stay to address the basis for the court's jurisdiction, including citation to statutes and a statement of facts establishing jurisdiction); 10th Cir. R. 18.1 (referencing 10th Cir. R. 8). Petitioners and respondents are therefore directed to simultaneously file, on or before April 28, 2025, memorandum briefs addressing these two jurisdictional questions.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

4