**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

STATE OF UTAH, by and through its
Governor, Spencer J. Cox, and its Attorney
General, Derek E. Brown,

      Petitioner,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; LEE ZELDIN,
Administrator, United States
Environmental Protection Agency,

      Respondents.

No. 25-9519
(EPA No. EPA-R08-OAR-2024-0552)
(Environmental Protection Agency)

_____

UTAH PETROLEUM ASSOCIATION,

      Petitioner,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; LEE ZELDIN,
Administrator, United States
Environmental Protection Agency,

      Respondents.

No. 25-9520
(EPA No. EPA-R08-OAR-2024-0552)
(Environmental Protection Agency)

_____

## ORDER

_____

Before **McHUGH** and **MORITZ**, Circuit Judges.

_____

The petitioners in these two appeals seek review of a final rule issued by the Environmental Protection Agency (EPA) titled "Finding of Failure to Attain and Reclassification of an Area in Utah as Serious for the 2015 Ozone National Ambient Air Quality Standards" (Final Rule), 89 Fed. Reg. 97,545 (Dec. 9, 2024). Petitioners have also filed motions to stay the Final Rule pending appeal (the Stay Motions). For the reasons that follow, we grant the Stay Motions.

Federal Rule of Appellate Procedure 18 authorizes a petitioner seeking review of an agency decision or order to move for a stay of the agency decision or order pending judicial review. Such a motion must either "show that moving first before the agency would be impracticable" or "state that, a motion having been made, the agency denied the motion or failed to afford the relief requested and state any reasons given by the agency for its action." Fed. R. App. P. 18(a)(2)(A)(i)–(ii). That requirement has been satisfied in these appeals because it is undisputed petitioners sought, but were denied, a stay of the Final Rule from the EPA.

Stay motions must also, per Tenth Circuit Rule 18.1, address, in relevant part, the following factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm to the applicant if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. 10th Cir. R. 18.1 (incorporating 10th Cir. R. 8.1). These factors are consistent with the requirements outlined by the Supreme Court for obtaining a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (discussing the four factors a court must consider in deciding whether to exercise its discretion and grant a stay pending appeal).

After considering the Stay Motions and the EPA's response to those motions, we conclude petitioners have met their "burden of showing that the circumstances justify" our exercise of discretion to stay the Final Rule pending the outcome of these appeals. *Id.* In particular, as to the two "most critical" factors, petitioners have "made a strong showing that [they are] likely to succeed on the merits," and the EPA does not dispute petitioners' assertions of irreparable harm if the Final Rule is not stayed pending appeal. *Id.* (internal quotation marks omitted).

Accordingly, the Stay Motions are granted and the Final Rule is stayed pending the outcome of these appeals.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk